IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALICIA DOMINGUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:13-CV-654-WKW |
| | )                  [WO] |
| LUIS ENRIQUEZ, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and state law for assault and battery. In an Order entered on December 6, 2013, the court *sua sponte* raised the jurisdictional issue of whether the state-law claim is "so related to" the FLSA claim that it "form[s] part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Order directed the parties to brief whether the court has supplemental jurisdiction over the state-law claim, and the parties have done so. For the reasons to follow, the court finds that it does not have jurisdiction to hear the state-law claim under § 1367(a).

As the Eleventh Circuit has explained, § 1367 "reflects a dichotomy between a federal court's *power* to exercise supplemental jurisdiction, § 1367(a), and its *discretion* not to exercise such jurisdiction, § 1367(c)." *Lucero v. Trosch*, 121 F.3d

591, 597 (11th Cir. 1997).  The court presently is concerned with whether it has the power to exercise supplemental jurisdiction over the state-law assault and battery claim.  The issue is whether the state-law claim "arise[s] out of a common nucleus of operative fact" as the "substantial federal claim" supplying original jurisdiction.[1]  *Id*.  To make this inquiry, the court must "take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based."  *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012).  This comparison "is ordinarily determined on the pleadings."  *Lucero*, 121 F.3d at 598.  Where "each claim involves the same facts, occurrences, witnesses, and evidence," . . . [t]his commonality is sufficient to satisfy the constitutional minimum required by section 1367(a)."  *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1566 (11th Cir. 1994).

Defendants assert that "Plaintiff has not clearly shown that the claims at issue have a common nucleus of facts."  (Doc. # 25, ¶ 5.)  They contend, however, that the court has discretion to decide the state-law claim in the "interests of

---

[1] The court has subject matter jurisdiction over the FLSA claim because it raises a federal question, *see* 28 U.S.C. § 1331, that satisfies the substantiality requirement.  *See Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla.*, 177 F.3d 1212, 1223 (11th Cir. 1999) (A federal claim is insubstantial only if "prior decisions inescapably render the claims frivolous." (alterations, citation, and internal quotation marks omitted)).  Furthermore, because there is no diversity jurisdiction, *see* 28 U.S.C. § 1332(a)(1), the court can entertain the state-law claim only if there is supplemental jurisdiction under § 1367(a).

judicial economy, fairness, and convenience to the parties," and that they have no objection to the court's exercise of supplemental jurisdiction. (Doc. # 25, ¶ 5.) Plaintiff contends that the FLSA claim shares a common nucleus of operative fact with the assault and battery claim because Plaintiff was at work when her boss, Defendant Luis Enriquez, struck her "with a closed fist to her face, ribs, and upper torso areas." (Doc. # 1, ¶ 37.) Plaintiff further asserts that during the altercation, she told Mr. Enriquez that she would "not call the police" if Mr. Enriquez "pa[id] her outstanding wages," but he refused and responded with further threats. (Doc. # 26, at 3.) Plaintiff argues that "[a] significant portion of the altercation included argument about Plaintiff's wages, which may need to be established in the settings of both claims." (Doc. # 26, at 3.) She also contends that "[h]earing the claims together would promote judicial economy." (Doc. # 26, at 3.)

After careful consideration of the arguments and the applicable law, the court finds that the state-law assault and battery claim does not arise out of a common nucleus of operative fact with the FLSA claim because the claims present different factual occurrences requiring separate proof. As alleged in the Complaint, Plaintiff's FLSA claims are based on allegations that Mr. Enriquez (and the other Defendants) unlawfully treated Plaintiff as a salaried employee exempt from FLSA's overtime requirements and required her to work without paying her either minimum wages or overtime for hours worked in excess of forty

hours. The FLSA claims will require evidence of Plaintiff's status as an hourly or exempt employee, the number of hours Plaintiff worked, and the amount of compensation paid. To the contrary, the assault and battery claim does not require proof of Plaintiff's employment status or pay. Instead, it will focus on whether Mr. Enriquez physically and intentionally touched Plaintiff "in a harmful or offensive manner" or, at the very least, threatened to touch her "in a rude or angry manner" so as to create in Plaintiff "a well-founded fear of an imminent battery . . . ." *Wood v. Cowart Enters., Inc.*, 809 So. 2d 835, 837 (Ala. Civ. App. 2001). The claims require entirely separate factual inquiries that simply are not related.

The only factual thread holding the two claims together is that the same parties – more specifically, an employer and his employee – are involved in both claims.[2] Plaintiff focuses on the employer-employee relationship, but while that relationship is a pivotal fact with respect to the FLSA claim, the fact that Plaintiff was an employee of the alleged batterer is extrinsic to the assault and battery claim. Significantly, Plaintiff has not cited any authority indicating that this thread is strong enough to weave a sufficient factual nexus between the federal- and state-law claims so as to give the court power to hear the assault and battery claim under § 1367(a). Notably, there is persuasive authority contrary to her position. *See, e.g.*, *O'Grady v. Dough*, No. 13cv1223, 2013 WL 3063336, at *1 (M.D. Fla. June

---

[2] The commission of the alleged tort occurred the day before Plaintiff ended her four-year employment.

18, 2013) (finding no common nucleus of operative fact between FLSA and state-law sexual harassment claims because "[n]one of the events alleged in Plaintiffs' state law claims are relevant to Plaintiffs' FLSA overtime claim – aside from the commonality of the parties involved, and such a relationship is too attenuated to meet the standard for exercising supplemental jurisdiction (citation and internal quotation marks omitted)).

Moreover, although Plaintiff argues that the altercation involved her demand for additional wages allegedly illegally withheld, she has not alleged or argued that the assault or battery – which occurred on the next to last day of her employment – relates to the reason Mr. Enriquez previously had denied her the additional wages. Additionally, proof of the assault and battery claim is not contingent upon proof of an actual FLSA violation. The fact remains that, notwithstanding the involvement of the same parties, the evidence necessary to prove the state-law claim and the FLSA claim are wholly unrelated. In sum, the FLSA claim and the assault and battery claim do not derive from a common nucleus of operative fact, and, thus, supplemental jurisdiction under § 1367(a) is lacking.

As a final matter, while the court is sympathetic to the parties' arguments relating to judicial economy and other discretionary factors, the court's power to hear a claim under § 1367(a) is not a matter of discretion. Rather, the court must have power to entertain a supplemental state-law claim before it can decide under

§ 1367(c) whether to keep that claim or decline to keep it based upon "judicial economy, convenience, [and] fairness to the parties." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 745 (11th Cir. 2005) (explaining that these factors "are evaluated" under § 1367(c)(4)).  The court's discretion under § 1367(c) is not at issue.  Rather, the court first must have jurisdiction under § 1367(a).  It does not.

Accordingly, it is ORDERED that Plaintiff's supplemental state-law claim for assault and battery is DISMISSED without prejudice for lack of supplemental jurisdiction pursuant to § 1367(a).

DONE this 30th day of January, 2014.

                                          /s/ W. Keith Watkins
                            CHIEF UNITED STATES DISTRICT JUDGE